LUCY OHLSEN, OSB# 184198
Deputy City Attorney
lucy.ohlsen@portlandoregon.gov
ELIZABETH WOODARD, OSB# 075667
Senior Deputy City Attorney
beth.woodard@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089

*Of Attorneys for Defendants City of Portland, Corey Budworth, and Justin Raphael*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**JUSTIN KNAPP,**

Plaintiff,

v.

**CITY OF PORTLAND, COREY BUDWORTH, and JUSTIN RAPHAEL,**

Defendants.

**Case No.: 3:26-cv-01036-IM**

**CITY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants City of Portland, Corey Budworth, and Justin Raphael ("City defendants") hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint (ECF 1). Except as specifically admitted in this Answer and Affirmative Defenses, the City defendants deny allegations in the Complaint.

## INTRODUCTION

1.

City defendants admit that plaintiff Justin Knapp was arrested on May 25, 2024. The

Multnomah County Circuit Court Judge's ruling speaks for itself. City defendants deny the remaining allegations set forth in Paragraph 1.

2.

City defendants admit that defendant Budworth was charged with Assault in the Fourth Degree on August 18, 2020, and that that charge was dismissed on July 7, 2023. City defendants deny the remaining allegations set forth in Paragraph 2.

3.

Paragraph 3 is a legal conclusion that does not require a response from City defendants.

**JURISDICTION AND VENUE**

4.

City defendants admit that this Court has jurisdiction.

5.

City defendants admit plaintiff has properly laid venue.

**PARTIES**

6.

City defendants admit plaintiff Justin Knapp resides in Oregon.

7.

City defendants admit Officer Raphael is a police officer employed by the Portland Police Bureau ("PPB").

8.

City defendants admit Sergeant Budworth is a police officer employed by PPB.

9.

City admits it is a public body organized under the laws of the State of Oregon and the City's Home Rule Charter, and admits that the City is a person subject to suit under 42 U.S.C. § 1983 and the Oregon Tort Claims Act, ORS 30.265 et seq. The City admits PPB is part of the government entity encompassed by the City of Portland.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

**FACTUAL ALLEGATIONS**

10.

City defendants admit that at some point on May 25, 2024, plaintiff was biking south on the western sidewalk that parallels SE 82nd Ave., and that at another point, plaintiff biked into 82nd Ave. to pass a pedestrian. City defendants further admit that after passing the pedestrian, plaintiff continued to bike on the sidewalk.

11.

City defendants admit Officers Raphael and Sergeant Budworth were on duty, in uniform, and in a police vehicle heading north on SE 82nd Ave. on May 25, 2024. City defendants further admit Officer Raphael was driving and Sergeant Budworth was in the passenger seat.

12.

City defendants admit Officer Raphael and Sergeant Budworth stopped plaintiff and that Officer Raphael arrested plaintiff. City defendants admit that the Multnomah County District Attorney ("MCDA") charged plaintiff with Felon in Possession of a Firearm, Interfering with a Peace/Parole and Probation Officer, Escape in the Third Degree, Possession of a Loaded Firearm in a Public Place, Unlawful Possession of a Firearm, Assaulting a Public Safety Officer, and Assault in the Second Degree. City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 12, and therefore deny those allegations.

13.

City defendants admit that on September 12, 2024, the Hon. Leslie G. Bottomly issued an Order on Defendant's Motion to Suppress in Multnomah County Circuit Court Case No. 24CR26901, which included the quote in Paragraph 13 of plaintiff's Complaint and Judge Bottomly's conclusion that probable cause did not exist for stopping plaintiff for a violation of the motor vehicle code.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

14.

City defendants deny the allegations in Paragraph 14.

15.

Most of the allegations in paragraph 15 pertain to the MCDA, which is not a party to this litigation, and which the City has no responsibility or control over. City defendants deny those allegations and all the other allegations in paragraph 15.

16.

Paragraph 16 is a legal conclusion that does not require a response from City defendants. In any case, the City denies the allegations in Paragraph 16.

17.

City defendants admit that Officer Raphael has provided his recollection of the events on May 25, 2024, several times.

18.

City defendants deny the allegations in paragraph 18 regarding Officer Raphael's statements in his police report and probable cause affidavit. City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 18, and therefore deny those allegations.

19.

City defendants admit that it is well known that commercial property surveillance equipment does not retain footage for very long. Otherwise, City defendants deny the allegations in paragraph 19.

20.

City defendants deny that Officer Raphael changed his story but admit Officer Raphael testified that at some point he witnessed plaintiff go from the street lane to the sidewalk.

21.

City defendants admit that Sergeant Budworth has provided his recollection of the events



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

on May 25, 2024, on more than one occasion. City defendants admit that Sergeant Budworth wrote a report after the incident and that report speaks for itself. City defendants admit that in Sergeant Budworth's police report, he stated that plaintiff "started to swerve between lanes, failing to maintain a lane or signal these lane changes." City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 21, and therefore deny those allegations.

22.

City defendants admit the allegations in paragraph 22.

23.

City defendants admit that Officer Raphael pulled into the parking apron in front of the location that plaintiff had crashed his bike. City defendants address the allegations "further described below" in the following paragraphs.

24.

City defendants admit that Officer Raphael wrote a report after the incident and that report speaks for itself. City defendants admit that the allegations in paragraph 24 include an accurate excerpt from Officer Raphael's report.

25.

City defendants admit that Officer Raphael wrote a probable cause affidavit and that affidavit speaks for itself. City defendants admit that the allegations in paragraph 25 include accurate excerpts from Officer Raphael's affidavit.

26.

City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 26, and therefore deny those allegations.

27.

City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 27, and therefore deny those allegations.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

28.

City defendants admit that a Motion to Suppress hearing took place on August 12, 2024, in Multnomah County Circuit Court Case No. 24CR26901 and that the official court record of that hearing speaks for itself.

29.

City defendants admit that Sergeant Budworth wrote a report after the incident and that report speaks for itself. City defendants admit that the allegations in paragraph 29 contain an accurate excerpt from Sergeant Budworth's report.

30.

City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 30, and therefore deny those allegations.

31.

City defendants admit that at some point on May 25, 2024, plaintiff was biking South down 82nd Ave. in Portland. City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 31, and therefore deny those allegations.

32.

City defendants admit the screenshot included in paragraph 32 depicts a pedestrian walking north on the western sidewalk on SE 82nd Ave.

33.

City defendants admit the screenshot included in paragraph 33 depicts a person on a bike on the western sidewalk on SE 82nd Ave.

34.

City defendants admit the screenshots included in paragraph 34 depict a person biking south on SE 82nd Ave. and then biking on the western sidewalk on SE 82nd Ave.

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

35.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 35, and therefore deny those allegations.

36.

City defendants deny the allegations in paragraph 36.

37.

City defendants deny the allegations in paragraph 37.

38.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 38, and therefore deny those allegations.

39.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 39, and therefore deny those allegations.

40.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 40, and therefore deny those allegations.

41.

The allegations in paragraph 41 are not sufficiently specific as they are not confined to a particular time or location. Therefore, City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 41, and therefore deny those allegations.

42.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 42, and therefore deny those allegations.

/ / /

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

43.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 43, and therefore deny those allegations.

44.

City defendants admit that Sergeant Budworth sustained a serious injury in the incident with plaintiff. City defendants deny the remaining allegations in paragraph 44.

45.

The allegations in paragraph 45 are not sufficiently specific as they are not confined to a particular time or location. Therefore, City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 45, and therefore deny those allegations.

46.

City defendants admit that the MCDA charged plaintiff with Felon in Possession of a Firearm, Interfering with a Peace/Parole and Probation Officer, Escape in the Third Degree, Possession of a Loaded Firearm in a Public Place, Unlawful Possession of a Firearm, Assaulting a Public Safety Officer, and Assault in the Second Degree.

47.

City defendants admit that the MCDA did not charge or cite plaintiff with any traffic crimes and that Sergeant Budworth and Officer Raphael stopped plaintiff due to their observations of plaintiff swerving across all lanes of traffic without signaling, failing to maintain a lane, and engaging in dangerous behavior. City defendants deny the remaining allegations in paragraph 47.

48.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 48, and therefore deny those allegations.

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

49.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 49, and therefore deny those allegations.

50.

City defendants admit that Officer Raphael and MCDA DDA Shull submitted probable cause affidavits in Multnomah County Circuit Court Case No. 24CR26901 and that those affidavits speak for themselves. Otherwise, City defendants deny the remaining allegations in paragraph 50.

51.

City defendants deny the allegations in paragraph 51.

52.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 52, and therefore deny those allegations.

53.

City defendants admit that on September 12, 2024, the Hon. Leslie G. Bottomly issued an Order on Defendant's Motion to Suppress in Multnomah County Circuit Court Case No. 24CR26901, which included the excerpt in Paragraph 53 of plaintiff's Complaint.

54.

City defendants admit that on September 12, 2024, the Hon. Leslie G. Bottomly issued an Order on Defendant's Motion to Suppress in Multnomah County Circuit Court Case No. 24CR26901, but denies that paragraph 54 accurately summarizes Judge Bottomly's analysis or ruling.

55.

City defendants admit that Judge Bottomly's ruling on the motion to suppress was issued on September 12, 2024, and that the MCDA submitted a judgment of dismissal sometime thereafter. City defendants lack knowledge or information sufficient at this time to admit or deny



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

the allegations in paragraph 55, and therefore deny those allegations.

56.

City denies the allegations in paragraph 56.

57.

City denies the allegations in paragraph 57.

58.

City admits that in 2021, a grand jury indicted Sergeant Budworth in Multnomah County Circuit Court Case No. 21CV28669. City denies the remaining allegations in paragraph 58.

59.

City admits that in 2020, many persons in Portland participated in protests in support of the Black Lives Matter movement and against police violence. City affirmatively alleges that many notable protests were peaceful and facilitated by PPB. City affirmatively alleges, however, that many other protests were unlawful assemblies, civil disturbances, and riots as they began or devolved into violence and continuous criminal activity, presenting various degrees of public safety threats by the persons gathered and committing crimes. City admits that an altercation occurred between Teri Jacobs and Sergeant Budworth at a protest in 2020 but denies the allegations in paragraph 59 accurately summarize that altercation.

60.

City lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraph 60, and therefore denies those allegations.

61.

City admits that in 2021, a grand jury indicted Sergeant Budworth in Multnomah County Circuit Court Case No. 21CV28669.

62.

City admits that Sergeant Budworth was charged with Assault in the Fourth Degree on August 18, 2020, and that that charge was dismissed on July 7, 2023. City further admits that at



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

some point, Sergeant Budworth recorded a video apologizing to Ms. Jacobs. Otherwise, City denies the allegations in paragraph 62.

63.

City denies the allegations in paragraph 63.

64.

City admits Sergeant Budworth was promoted to Sergeant effective July 16, 2026.

65.

City lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraph 65, and therefore denies those allegations.

66.

City denies the allegations in paragraph 66.

67.

City admits that on December 8, 2019, Officer Raphael and several other officers were dispatched to a call regarding a man with a knife in his hand in the street near Southeast 103rd Drive and Southeast Stark. One officer had a less-lethal tool that launches foam-tipped projectiles designed to impact a subject from a distance. The officers approached the subject and a short time later, officers reported that shots had been fired, including both less-lethal and lethal rounds. Officer Raphael discharged his rifle three times. The officers rendered medical assistance and called for medical response. The subject, later identified as Koben S. Henriksen, 51, was determined to be deceased at the scene. An officer-involved shooting investigation was completed and forwarded to the MCDA for presentation to the grand jury. On January 27, 2020, the MCDA announced a grand jury returned a not true bill regarding the use of force by Officer Raphael. City denies the remaining allegations in paragraph 67.

68.

City denies the allegations in paragraph 68.

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

69.

City admits that an Internal Affairs investigation regarding Officer Raphael was closed in January 2026, but denies that the allegations in plaintiff's complaint reflect an accurate summary of that investigation.

70.

City denies the allegations in paragraph 70.

71.

City denies the allegations in paragraph 71.

72.

Paragraph 72 contains a legal conclusion that does not require a response from City defendants. City defendants deny the remaining allegations in paragraph 72.

73.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 73, and therefore deny those allegations.

74.

City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 74, and therefore deny those allegations.

75.

Paragraph 75 contains a legal conclusion that does not require a response from City defendants. City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 75, and therefore deny those allegations.

## FIRST CLAIM FOR RELIEF

**(Fourth and Fourteenth Amendments—Unlawful Search and Seizure—42 U.S.C. § 1983)**
**(Against Defendants Raphael and Budworth)**

76.

Officer Raphael and Sergeant Budworth incorporate their response contained above in the proceeding paragraphs of its Answer and Affirmative Defenses.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

77.

Paragraph 77 contains a legal conclusion and summary of the law that does not require a response from Officer Raphael and Sergeant Budworth.

78.

Officer Raphael and Sergeant Budworth deny the allegations in paragraph 78.

79.

Paragraph 79 contains a legal conclusion that does not require a response from Officer Raphael and Sergeant Budworth. Officer Raphael and Sergeant Budworth deny the allegations in paragraph 79.

80.

Paragraph 80 contains a legal conclusion that does not require a response from Officer Raphael and Sergeant Budworth. Officer Raphael and Sergeant Budworth deny the allegations in paragraph 80.

**SECOND CLAIM FOR RELIEF**

**(Fourteenth Amendment—Due Process, Fabrication of Evidence —42 U.S.C. § 1983)**
**(Against Defendants Raphael and Budworth)**

81.

Officer Raphael and Sergeant Budworth incorporate their response contained above in the proceeding paragraphs of its Answer and Affirmative Defenses.

82.

Paragraph 82 contains a legal conclusion and summary of the law that does not require a response from Officer Raphael and Sergeant Budworth.

83.

Officer Raphael and Sergeant Budworth deny the allegations in paragraph 83.

84.

Paragraph 84 contains a legal conclusion that does not require a response from Officer Raphael and Sergeant Budworth. Officer Raphael and Sergeant Budworth deny the allegations in



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

paragraph 84.

85.

Paragraph 85 contains legal conclusions that do not require a response from Officer Raphael and Sergeant Budworth. Officer Raphael and Sergeant Budworth deny the allegations in paragraph 85.

86.

Paragraph 86 contains legal conclusions that do not require a response from Officer Raphael and Sergeant Budworth. Officer Raphael and Sergeant Budworth deny the allegations in paragraph 86.

**THIRD CLAIM FOR RELIEF**

**(Conspiracy to Violate Rights – 42 U.S.C. § § 1985(3), 1986 )**
**(Against Defendants Raphael and Budworth)**

87.

Plaintiff has voluntarily dismissed this claim so no response from Officer Raphael and Sergeant Budworth is required for paragraphs 87.

88.

Plaintiff has voluntarily dismissed this claim so no response from Officer Raphael and Sergeant Budworth is required for paragraphs 88.

89.

Plaintiff has voluntarily dismissed this claim so no response from Officer Raphael and Sergeant Budworth is required for paragraphs 89.

90.

Plaintiff has voluntarily dismissed this claim so no response from Officer Raphael and Sergeant Budworth is required for paragraphs 90.

/ / /

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

91.

Plaintiff has voluntarily dismissed this claim so no response from Officer Raphael and Sergeant Budworth is required for paragraphs 91.

**FOURTH CLAIM FOR RELIEF**

**(*Monell* Liability — 42 U.S.C. § 1983)**
**(Against Defendant City of Portland)**

92.

City incorporates its response contained above in the proceeding paragraphs of its Answer and Affirmative Defenses.

93.

City denies the allegations in paragraph 93.

94.

Paragraph 94 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 94.

95.

Paragraph 95 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 95.

**FIFTH CLAIM FOR RELIEF**

**(False Imprisonment – State Law)**
**(Against Defendant City of Portland)**

96.

City incorporates its response contained above in the proceeding paragraphs of its Answer and Affirmative Defenses.

97.

Paragraph 97 contains allegations that are vague as to time and place. City admits that it has employed and does employ Officer Raphael and Sergeant Budworth.

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

98.

City admits the allegations in paragraph 98.

99.

Paragraph 99 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 99.

100.

Paragraph 100 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 100.

101.

Paragraph 101 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 101.

**FIFTH [sic] CLAIM FOR RELIEF**

**(Negligence – State Law)**
**(Against Defendant City of Portland)**

102.

City incorporates its response contained above in the proceeding paragraphs of its Answer and Affirmative Defenses.

103.

Paragraph 103 contains allegations that are vague as to time and place. City admits that it has employed and does employ Officer Raphael and Sergeant Budworth.

104.

Paragraph 104 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 104.

105.

Paragraph 105 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 105.

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

106.

Paragraph 106 contains a legal conclusion that does not require a response from City. City denies the allegations in paragraph 106.

107.

Paragraph 107 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 107.

108.

Paragraph 108 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 108.

109.

Paragraph 109 contains legal conclusions that do not require a response from City. City denies the allegations in paragraph 109.

110.

Unless specifically admitted to above, City defendants deny each and every remaining allegation in plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

111.

Plaintiff fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

**(No Constitutional Violation-*Heller* Doctrine)**

112.

The actions of Officer Raphael and Sergeant Budworth do not constitute a constitutional violation. As a result, Plaintiff has no claim for any Section 1983 liability against Defendant City. *Heller v. City of Los Angeles*, 475 U.S. 796, 799 (1986).



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

113.

Plaintiff failed to take all reasonable measures to mitigate his damages and cannot recover any damages which could have reasonably been mitigated.

**FOURTH AFFIRMATIVE DEFENSE**

**(Oregon Tort Claim Act Limitation on Claims and Damages – ORS 30.260 et seq.)**

114.

Plaintiff's state law claim and damages against defendant City are subject to all the limitations, conditions, and immunities contained in the Oregon Tort Claims Act, ORS 30.260 et seq., including the limitation on damages at ORS 30.272.

**FIFTH AFFIRMATIVE DEFENSE**

**(Justification/Privilege – ORS 161.190)**

115.

The actions by Officer Raphael and Sergeant Budworth were lawful and justified as those actions were necessary to carry out their duties as a police officer for the City.

**SIXTH AFFIRMATIVE DEFENSE**

**(Arrest – ORS 161.205(5)/ORS 161.235)**

116.

Officer Raphael was statutorily authorized to use physical force or control on Plaintiff in making an arrest of Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Probable Cause)**

117.

Any arrest or the initiation of any criminal prosecution against plaintiff was supported by probable cause.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

**EIGHTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence-ORS 31.600)**

118.

Plaintiff's injuries, if any, are due to his own negligent, reckless or criminal conduct by failing to obey the commands of uniform police officers.

**NINTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

119.

Officer Raphael and Sergeant Budworth is entitled to qualified immunity from liability under 42 USC § 1983 because they acted in good faith, and a reasonable police officer would not have known that any of their actions would violate a clearly established constitutional or federally protected right of plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

**(No Duplicative Damages)**

120.

Plaintiff is not entitled to recover duplicative damages on his legal claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No punitive damages against Defendant City of Portland)**

121.

Plaintiff is not allowed to recover any punitive damages against Defendant City. *Newport News v. Fact Concerts, Inc*., 453 U.S. 247 (1981)*;* ORS 30.269(1).

**RESERVATION OF RIGHTS**

City defendants reserve the right to amend as provided by the civil rules, including but not limited to, their right to move the Court to amend their Answer in order to assert additional defenses as may become known to it during the course of discovery.

/ / /



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVE., RM. 430
PORTLAND, OREGON 97204
(503) 823-4047

**CONCLUSION**

WHEREFORE, having fully answered Plaintiff's Complaint, City defendants pray that Plaintiff's Complaint be dismissed and that judgment be entered in Defendants' favor and for their costs and disbursements incurred herein, in addition to such other relief as may be justified.

DATED: August 26, 2026

Respectfully submitted,

*/s/Lucy Ohlsen*
LUCY OHLSEN, OSB # 184198
Deputy City Attorney
ELIZABETH C. WOODARD, OSB # 075667
Senior Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendants*